446 F.2d 511
 UNITED STATES of America, Plaintiff-Appellee,
v.
R. B. LACY, Defendant-Appellant.
No. 29909 Summary Calendar.*
*(1) Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Aug. 9, 1971.
 
 Robert B. Harwood, Jr., Tuscaloosa, Ala. (Court-appointed), for defendant-appellant.
 Wayman G. Sherrer, U.S. Atty., R. Macey Taylor, Melton L. Alexander, Asst. U.S. Attys., Birmingham, Ala., for plaintiff-appellee.
 Before WISDOM,[1] COLEMAN and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 R. B. Lacy was indicted and convicted of knowingly transporting stolen motor vehicles interstate, and of receiving and concealing stolen motor vehicles so transported, in violation of Title 18, U.S.C., Sections 2312 and 2313. He was sentenced to five years imprisonment. On appeal he raises four issues. Upon analysis, none of them supports reversal and we accordingly affirm.
 
 
 2
 First, Lacy argues that his constitutional rights were denied him in that he was not represented by counsel at arraignment. A plea of not guilty was entered at the arraignment. Under the tests used in United States v. Wade, 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Coleman v. Alabama, 1970, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, a defendant is entitled to question the failure to provide appointed counsel only when potential substantial prejudice inheres in the absence of counsel. Where a defendant's plea of not guilty is recorded at an arraignment and counsel after appointment is given an opportunity to move against the indictment, no such prejudice results. Lacy has not demonstrated prejudice resulting from the failure to provide appointed counsel at his arraignment.
 
 
 3
 The second point raised is that appellant was denied the effective assistance of counsel in that a lawyer was appointed for him just seven days before the beginning of his trial. Yet the attorney did not seek a continuance in order to have more time to prepare for trial. No objection was raised below as to the lack of time. And on the facts of this case, we find that the attorney clearly did have adequate time to prepare Lacy's defense. See Mosley v. Dutton, 5 Cir. 1966, 367 F.2d 913, 916.
 
 
 4
 Third, Lacy claims that his constitutional rights were denied him in that he was not given Miranda warnings prior to an FBI agent's questioning of him on July 4, 1968. The FBI suspected that the car parked in front of Lacy's house might be stolen. Agent Cook appeared on July 4 at appellant's house and asked Lacy if he could look at the car's vehicle identification number. He also asked Lacy where he bought the car. Lacy said that he bought it from an individual that the FBI later could not trace. In this situation, where Lacy was not in custody, and the questioning was investigatorial rather than accusatorial, Miranda warnings were not required. Posey v. United States, 5 Cir. 1969, 416 F.2d 545, 549-50.
 
 
 5
 The fourth issue urged on appeal is that the Miranda warning given to him by FBI agents prior to questioning on December 20, 1968, was defective. The agent made the following statement to Lacy:
 
 
 6
 'Before we ask you any questions, you must understand your rights; you have the right to remain silent. Anything you say can be used against you in court. You have the right to talk to a lawyer for advice before we ask you any questions, and to have him with you during the questioning. You have this right to the advice and presence of a lawyer, even if you cannot afford to hire one. We have no way of giving you a lawyer, but one will be appointed for you, if you wish, if and when you go to court. If you wish to answer questions now without a lawyer present, you have the right to stop answering questions at any time. You also have the right to stop answering at any time until you talk to a lawyer.'
 
 
 7
 We think this warning comports with the requirements of Miranda. Lacy was informed that he had the right to the presence of an appointed attorney before any questioning. The agents did say that the appointment of an attorney would have to be made by the court at a later date. But they also made perfectly clear that Lacy had a right not to answer questions until that time should come. Thus we think the twin requirements of Lathers v. United States, 5 Cir. 1968, 396 F.2d 524 were met: the defendant was informed that (a) he had the right to the presence of an attorney and (b) that the right was to have an attorney 'before he uttered a syllable'. That the attorney was not to be appointed until later seems immaterial since Lacy was informed that he had the right to put off answering any questions until the time when he did have an appointed attorney.
 
 
 8
 For the above reasons, the judgment of the district court is
 
 
 9
 Affirmed.
 
 
 
 [1]
 Judge Wisdom participated in the decision to place this case on the Summary Calendar and to affirm the judgment of the court below. He did not participate in the preparation or rendition of this opinion, Title 28, U.S.C. 46(d)